UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY JEAN DENNINGS,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 13-10386
HON. TERRENCE G. BERG
HON. LAURIE J. MICHELSON

## ORDER ADOPTING REPORT AND RECOMMENDATION (Dkt. 16)

This matter is before the court on then-Magistrate Judge Laurie J. Michelson's[1] January 29, 2014 Report and Recommendation (Dkt. 16), recommending that Defendant's Motion for Summary Judgment (Dkt. 14) be GRANTED, that Plaintiff's Motion for Summary Judgment (Dkt. 9) be DENIED, and that the findings of the Commissioner be AFFIRMED.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1), E.D. Mich. LR 72.1(d). Plaintiff timely filed objections to the Report and Recommendation (Dkt. 17); Defendant filed a pro forma response to Plaintiff's objections (Dkt. 18).

The district court must make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the

---

[1] On March 12, 2014, the United States Senate confirmed the nomination of now former-Magistrate Judge Laurie J. Michelson to the United States District Court for the Eastern District of Michigan.

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has carefully reviewed Magistrate Judge Michelson's Report and Recommendation, Plaintiff's objections thereto, and Defendant's response. For the reasons set forth below, Plaintiff's objections are OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court.

## I. STANDARD OF REVIEW

When reviewing a final decision of the Commissioner pursuant to 42 U.S.C. §405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion") (internal citations

omitted); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

## II. ANALYSIS

Plaintiff has raised four separate objections to the Report and Recommendation. The Court will address each of these objections in turn.

A. The Sufficiency of the Evidence and the ALJ's Credibility Determination

Plaintiff first appears to question the Magistrate Judge's conclusion that the ALJ did not err in finding that the intensity, persistence, and limiting effects of Plaintiff's symptoms were not credible. It is somewhat unclear to the Court what Plaintiff is actually arguing in this first objection, as Plaintiff first quotes the Magistrate Judge's statement that "objective evidence is *not* the only factor relevant when making credibility determinations" (emphasis added), and then goes on at length about the apparent "objective evidence" in the record. Regardless, the fact that objective evidence exists as to Plaintiff's edema does not necessarily overcome the ALJ's credibility determination. The ALJ took such evidence into account. As noted by the Magistrate Judge, Courts should "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the Court does] not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003); *see also*

*Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005) ("Claimants challenging the ALJ's credibility findings face an uphill battle.").

Moreover, the ALJ based her credibility determination in large part upon the Plaintiff's activities of daily living, namely the fact that she is the primary caregiver of a then 3-year-old child; that she cares for her mother; that she does laundry, grocery shops, and cooks; that she has no difficulty performing her personal care; and that she visits friends a few times a month and regularly attends church. The objective reality that Plaintiff is severely obese and suffers from observable swelling in her lower extremities is not inconsistent with the ability to engage in the activities of daily living that Plaintiff has testified to being able to perform. Similarly, neither Plaintiff's obesity nor her edema is wholly inconsistent with the ability to engage in some form of productive work. As such, the Plaintiff has failed to offer a compelling reason to disturb the ALJ's credibility determination. *Sims v. Comm'r of Soc. Sec*, 406 F. App'x 977, 981 (6th Cir. 2011).

B.  Misidentification of Exhibit Regarding Plaintiff's Ability to Participate in Competitive Work

Plaintiff objects to a particular source of evidence cited by the Magistrate Judge as "further support of Plaintiff's ability to work." Plaintiff is correct that the exhibit cited to by the Magistrate Judge appears to be a jury excusal slip, and that contrary to the Magistrate Judge's description of this exhibit, it does not state anything about Plaintiff's ability to attend to the tasks of her then-current job. (Tr. 211). This seemingly inadvertent misidentification of one exhibit from within a 271 page record is a harmless error having no bearing on either the conclusions of the

4

Report and Recommendation as a whole, or the ALJ's underlying disability determination.

C.     Discounting of the Opinions of Plaintiff's Treating Physician

Plaintiff also takes issue with the Magistrate Judge's finding that the ALJ provided sufficient reasons to discount the opinions of Plaintiff's treating physician, Enam Hanna, M.D., and the treating physician's assistant, Holly Cronkright, P.A.-C. Specifically, Plaintiff states that "the medical records of evidence that show the swelling/edema are significant abnormalities and are the reason that Ms. Cronkright opined [Plaintiff] should be 'off feet to elevate legs'" and "Dr. Hanna opined that Ms. Dennings 'needs to join lymphedema clinic, weight loss.'" While the medical records do, in fact, show that Plaintiff's lymphedema is a severe impairment, the evidence in the record as a whole does not support a determination that Plaintiff is fully disabled and thus incapable of performing a range of sedentary work, as modified by the ALJ in her assessment of Plaintiff's Residual Functional Capacity ("RFC").[2]

The ALJ discounted both Hanna's and Cronkright's opinions on the bases that "[their] own reports, along with the other medical evidence of record, fail to reveal the type of significant clinical and laboratory abnormalities one would expect

---

[2] The "Residual Functional Capacity assessment" is a determination of "the most you can still do despite your limitations," factoring in your "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what you can do in a work setting." 20 CFR § 416.945. In assessing the claimant's RFC, the ALJ found that Plaintiff could:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that claimant can never climb ladders, ropes, or scaffolds, crouch, kneel, or crawl, but she can occasionally balance, stoop and climb ramps and stairs. She should avoid all exposure to workplace hazards such a moving machinery and unprotected heights. She must elevate her legs to foot-stool level while seated. (Dkt. 7, Tr. 18).

if the claimant were in fact disabled, and [they] did not specifically address this weakness," and "the course of conservative treatment pursued by [Hanna and Cronkright] has not been consistent with what one would expect if the claimant were truly disabled." (Tr. 20-21). Further, the ALJ's RFC was almost entirely consistent with the functional assessments provided by both Hanna and Cronkright; the one major difference was with respect to Plaintiff's ability to bend, a physical activity which Plaintiff herself testified as being able to complete. (Tr. 36, 167). Plaintiff has failed to identify any evidence in the record that would undermine the ALJ's reasons for discounting Hanna's and Cronkright's ultimate conclusions as to disability. *See* 20 C.F.R. § 404.1527(c)(3); *see also Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (ALJ not bound by conclusory, unsupported statements of physician); *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 176 (6th Cir. 2009) (where ALJ failed to identify objective medical evidence to support opinion regarding impairments, the ALJ did not err in discounting opinion).

D. No Medical Opinion that Plaintiff Must Elevate Legs Above Waist Level

Finally, Plaintiff raises a second objection to the ALJ's credibility determination. Specifically, Plaintiff challenges the Magistrate Judge's conclusion that because there was no medical opinion stating that Plaintiff must raise her feet to waist level, the objective evidence supported the ALJ's credibility determination. Although Plaintiff asserts that physician assistant Cronkright's notation that Plaintiff should be "off feet to elevate legs" (Tr. 267) is tantamount to concluding that Plaintiff must elevate her feet to waist level, that assertion is simply not

6

supported by the record. In fact, on the next page of the same "Attending Physician's Statement of Functionality," Cronkright noted that "in a general workplace environment," Plaintiff could sit for 4-6 hours at a time (Tr. 268). Likewise, Dr. Hanna's subsequent "Attending Physician's Statement of Functionality" does not mention anything with respect to Plaintiff's supposed need to elevate her legs, noting instead that Plaintiff "needs to join lymphedema clinic, weight loss." (Tr. 270-71).

As correctly stated by the Magistrate Judge, there is no medical opinion in the record concluding that Plaintiff must elevate her legs *above waist level*. Therefore, the conclusion that the objective evidence supported the ALJ's credibility determination is valid. Again, Plaintiff has failed to provide this Court with a compelling reason to overturn the ALJ's credibility determination. *See Sims*, 406 F. App'x at 981.

* * *

The Court has carefully considered all of Plaintiff's objections to the Magistrate Judge's Report and Recommendation and has thoroughly reviewed the record. None of the objections are sufficient to show that the ALJ's conclusions were not supported by substantial evidence in the record. Accordingly, this Court must AFFIRM the Commissioner's decision. *See Longworth*, 402 F.3d at 595.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's objections are **OVERRULED** and Magistrate Judge Michelson's Report and Recommendation of January 29, 2014 (Dkt. 16) is **ACCEPTED** and **ADOPTED**.

Accordingly, Defendant's Motion for Summary Judgment (Dkt. 14) is **GRANTED**, Plaintiff's Motion for Summary Judgment (Dkt. 9) is **DENIED**, and the decision of the Commissioner, as authored by Administrative Law Judge Kathleen H. Eiler, is **AFFIRMED**.

**SO ORDERED**.

Dated: March 19, 2014                                   s/Terrence G. Berg
                                                        TERRENCE G. BERG
                                                        UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 19, 2014, using the CM/ECF system, which will send notification to all parties.

                                                        s/A. Chubb
                                                        Case Manager